1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JUSTIN WOOTEN,                                    No.  2:19-CV-0940-JAM-DMC

12            Plaintiff,

13        v.                                           ORDER

14   BUTTE COUNTY, et al.,

15            Defendants.

16

17            Plaintiff, who is proceeding with retained counsel, brings this civil action.

18   Pending before the Court is defendants' motion to compel.  See ECF No. 19.  The matter was

19   submitted on the papers without oral argument pursuant to Eastern District of California General

20   Order 612.  Filed in support of the motion is defendants' separate statement.  See ECF No. 20.

21   Plaintiff, who is represented by Stanley Goff, Esq., did not contribute to a joint statement as

22   required by Eastern District of California Local Rule 251.

23

24                              **I.  BACKGROUND**

25            On October 31, 2019, defendants served on plaintiff their first set of

26   interrogatories, requests for admissions, and requests for production.  See 19-2 (declaration of

27   defendants' counsel), Exhibits A, B, and C.  Defendants assert: "To this date, Plaintiff has served

28   incomplete responses to Defendants' Requests for Interrogatories, Set One, and provide[d]

1

1  incomplete and non-code compliant responses to Defendants' Requests for Production of

2  Documents, Set One."  ECF No. 20, pg. 2.  Defendants raise no argument concerning their

3  requests for admissions.

4

5  ## II.  STANDARD FOR MOTION TO COMPEL

6          The purpose of discovery is to "remove surprise from trial preparation so the

7  parties can obtain evidence necessary to evaluate and resolve their dispute." <u>United States v.</u>

8  <u>Chapman Univ.</u>, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

9  26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

10  permitted:

11          Parties may obtain discovery regarding any nonprivileged information that
             is relevant to any party's claim or defense and proportional to the needs of
12          the case, considering the importance of the issues at stake in the action, the
             amount in controversy, the parties' relative access to relevant information,
13          the parties' resources, the importance of the discovery in resolving the
             issues, and whether the burden or expense of the proposed discovery
14          outweighs its likely benefit. Information within this scope of discovery
             need not be admissible in evidence to be discoverable.
15
             Fed. R. Civ. P. 26(b)(1).
16

17          Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

18  may move for an order compelling an answer, designation, production, or inspection." Fed. R.

19  Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

20  incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

21  discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

22  Procedure 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v.</u>

23  <u>Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

24          The party moving to compel bears the burden of informing the court (1) which

25  discovery requests are the subject of the motion to compel, (2) which of the responses are

26  disputed, (3) why the party believes the response is deficient, (4) why any objections are not

27  justified, and (5) why the information sought through discovery is relevant to the prosecution of

28  this action. <u>McCoy v. Ramirez</u>, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016

2

1   WL 3196738, at *1 (E.D. Cal. June 9, 2016); <u>Ellis v. Cambra</u>, No. 1:02-cv-5646-AWI-SMS PC,

2   2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

3        "Relevance for purposes of discovery is defined very broadly." <u>Garneau v. City of

4   Seattle</u>, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden

5   of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter,

6   the party opposing discovery has the burden of showing that the discovery should be prohibited,

7   and the burden of clarifying, explaining or supporting its objections." <u>Bryant v. Ochoa</u>, No.

8   07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14,

9   2009) (internal citation omitted).

10

11        **III.  DISCUSSION**

12        Defendants seek an order compelling further responses to interrogatories, set one,

13   and requests for production, set one.  Defendants also seek an award of reasonable fees and costs

14   under Federal Rule of Civil Procedure 37(a)(5)(A).

15        **A.    <u>Interrogatories</u>**

16        In their notice of motion, defendants state: "Plaintiff has failed to provide verified

17   responses to Defendants' Interrogatories, Set One."  ECF No. 19, pg. 2.  In their memorandum of

18   points and authorities filed with the notice of motion, defendants raise two arguments.  First,

19   defendants argue plaintiff's responses to their interrogatories are deficient because they simply

20   restate the factual allegations set forth in the complaint, in violation of Federal Rule of Civil

21   Procedure 33(b)(3), (5).  <u>See</u> ECF No. 19-1, pgs. 5-6.  Second, defendants contend that plaintiff's

22   responses are inadequate because they are not verified, also in violation of Federal Rule of Civil

23   Procedure 33(b)(3), (5).  <u>See</u> <u>id.</u> at 6.  Defendants have provided the Court with copies of their

24   interrogatories, set one, <u>see</u> ECF No. 19-2, Exhibit B, plaintiff's response, <u>see</u> <u>id.</u>, Exhibit F, and

25   plaintiff's amended responses, <u>see</u> <u>id.</u>, Exhibit K.  The original and amended responses are not

26   accompanied by verifications.

27   / / /

28   / / /

3

1  Defendants' arguments are persuasive.  An answer to an interrogatory should not

2  refer to the pleadings.  See Hash v. Cate, 2012 WL 6043966, at *3 (N.D. Cal. 2012).  Answers are

3  insufficient where they neither clarify nor narrow the broad issues posed by the complaint.  See

4  Rickles, Inc. v. Frances Denney Corp., 508 F. Supp. 4, 7 (D. Mass. 1980).  Answers which

5  merely restate the allegations of the complaint are inadequate.  See id.; see also U.S. v. West

6  Virginia Pulp and Paper Co., 36 F.R.D. 250, 251 (S.D.N.Y. 1964).  Under Federal Rule of Civil

7  Procedure 33(b)(5), answers to interrogatories must be signed by the party providing the answers

8  and, where objections are made, by counsel.

9  A review of the interrogatories and responses thereto indicates that plaintiff merely

10  restates the allegations of the complaint.  The answers neither narrow nor clarify the complaint's

11  allegations.  Finally, none of plaintiff's responses to interrogatories is verified.  For these reasons,

12  defendants' motion to compel will be granted with respect to their interrogatories, set one, and

13  plaintiff will be ordered to serve responses which comply with Rule 33(b) and are verified.

14  **B.**    **Requests for Production**

15  In their notice of motion, defendants state: "Plaintiff has failed to identify which

16  documents are referred to Defendants' Request for Production of Documents to Plaintiff, Set

17  One." ECF No. 19, pg. 2.  In their memorandum of points and authorities filed with the notice of

18  motion, defendants state:

19
20
21
22
>      Pursuant to FRCP Rule 34(b)(2)(B), Plaintiff is obligated to "for
> each item or category, the response must either state that inspection and
> related activities will be permitted as requested. . . ."  Here, Plaintiff failed
> to describe which responsive documents are in support of each request.
> Therefore, Defendants request amended responses to be code compliant
> under FRCP Rule 34(b)(2)(B).

23
>  ECF No. 19-1, pg. 6; see also ECF No. 20, pg. 16.

24  Defendants offer no other argument in support of their motion to compel relating to requests for

25  production.

26  / / /

27  / / /

28  / / /

4

1    Defendants have provided the Court a copy of their requests for production, set

2  one.  See ECF No. 19-2, Exhibit A.  While defendants state that plaintiff has "provide[d]

3  incomplete and non-code compliant responses" to their requests for production, set one, ECF

4  Nos. 19-1, pg. 2, and 20, pg. 2, defendants have not provided the Court with a copy of plaintiff's

5  responses.  Because defendants have not informed the court whether all or specific responses to

6  requests for production are at issue, identified why any particular response is inadequate, stated

7  why the discovery sought is relevant, nor provided the Court a copy of plaintiff's allegedly

8  inadequate responses, the Court finds defendants have failed to meet their burden under Rule 37.

9  Defendants' motion to compel will be denied without prejudice insofar as it relates to requests for

10 production.

11       **C.**    **Award of Expenses**

12    Because defendants' motion is not granted in whole, an award of expenses under

13 Rule 37(a)(5)(A) is inappropriate.  The Court will, however, apportion an award of expenses

14 under Rule 37(a)(5)(C) because the motion is granted in part.  A review of counsel's declarations

15 filed in support of the instant motion and request for expenses reflects that counsel reasonably

16 spent 5 hours in preparation of the motion and an additional 3.5 hours in preparation of

17 defendants' portion of the joint statement, at a reasonable rate of $200.00 per hour.  The total

18 expenses claimed by defendants is $1,700.00.  The Court will award half this amount.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendants' motion to compel, ECF No. 19, is granted in part and denied in part;

2.      Within 20 days of the date of this order, plaintiff shall serve on defendants verified responses to defendants' interrogatories, set one; and

3.      Within 20 days of the date of this order, plaintiff shall pay to defendants apportioned reasonable expenses in the amount of $850.00.

Dated:  September 3, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6